IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

REYMOND MARQUEZ, Reg.      )
No. 48448-480,             )
                           )
        Petitioner,        )
                           )
    v.                     )      CASE NO. 2:25-CV-301-WKW
                           )             [WO]
WARDEN WASHINGTON, FPC,    )
MONTGOMERY,                )
                           )
        Respondent.        )

## ORDER

Petitioner Reymond Marquez is incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama.  He is serving a 120-month term of imprisonment, to be followed by a four-year term of supervised release, based on convictions for violations of federal controlled substance laws.  His release date, according to the Federal Bureau of Prisons (BOP), is November 24, 2026.  *See* BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Apr. 23, 2025).

Proceeding *pro se*, Mr. Marquez filed a petition under 28 U.S.C. § 2241.  The petition challenges a memorandum the BOP issued on March 31, 2025, imposing limitations on Second Chance Act (SCA) placements for inmates in residential reentry centers (RRC).  (Doc. # 1 at 2.)  Those limitations reduced RRC placement from twelve months to 60 days, with an exception for inmates participating in the

residential drug abuse program (RDAP) whose placement time was reduced to 125 days. As stated in the memorandum, "Effective immediately, all inmates releasing to the community under Second Chance Act (SCA) authority after April 21, 2025, will have dates adjusted in order to bring the Residential Reentry Management Branch cost centers into alignment with the Federal Bureau of Prisons (Bureau) appropriated funding levels until further notice." (Doc. # 1-1 at 1.)

The Second Chance Act of 2007, *see* Pub. L. No. 110–199, 122 Stat. 657 (2008), increased the maximum duration for pre-release RRC placement from six months to twelve months. This change is codified in 18 U.S.C. § 3624(c)(1), which mandates the BOP's director, "to the extent practicable," to ensure that prisoners spend a portion of the final months of their term, not exceeding twelve months, under conditions that facilitate their reentry into the community. Additionally, the BOP is required to conduct an individualized assessment of each prisoner to determine when the prisoner should be placed in an RRC, ensuring that his time in an RRC is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* at § 3624(c)(6)(B)–(C). The individualized assessment requires consideration of the five factors listed in 18 U.S.C. § 3621(b). *Id.* at § 3624(c)(6)(A).

Mr. Marquez contends that the BOP's March 31, 2025 memorandum, implementing the policy change in SCA placements, violates the Fourteenth

Amendment's Due Process Clause and is "arbitrary and capricious." (Doc. # 1 at 4–5.) He seeks an order that Respondent grant "Petitioner and every other federal inmate an individualized evaluation pursuant to 18 U.S.C. [§] 3621(b) . . . ." (Doc. # 1 at 6.) He separately filed a motion for a temporary restraining order to enjoin Respondent from restricting SCA placement to 60 days and to require Respondent to reinstitute the practice of conducting the statutorily required individualized evaluations to determine SCA placement. (Doc. # 2 at 1.) Mr. Marquez submitted both the petition and motion for a temporary restraining order under penalty of perjury. (Doc. # 1 at 6; Doc. # 2 at 1.)

For the reasons to follow, the motion for a temporary restraining order will be denied. However, the § 2241 petition will be construed as containing a motion for a preliminary injunction, and the Respondent will be directed to file a response.

The court considers Mr. Marquez's motion for a temporary restraining order solely with respect to the individual relief he seeks. *See Timson v. Samson*, 518 F.3d 870, 873–74 (11th Cir. 2008) (observing that the right to proceed *pro se* in federal court under 28 U.S.C. § 1654 is "a personal right that does not extend to the representation of the interest of others"). A temporary restraining order or preliminary injunction is appropriate only where the moving party demonstrates that (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the threatened injury

outweighs the harm the temporary restraining order would cause to the nonmoving party, and (4) the temporary restraining order would not be adverse to the public interest. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001) (per curiam).

Additionally, under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may issue without notice to the nonmoving party only if (1) specific facts in an affidavit or verified complaint show that the moving party will suffer immediate and irreparable injury before the adverse party can be heard, and (2) the moving party certifies in writing the efforts he has made to notify the nonmoving party and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1)(A)–(B).

Mr. Marquez has not demonstrated that a temporary restraining order is warranted. He has not made a sufficient showing that he will suffer immediate and irreparable harm before Respondent has an opportunity to be heard or that providing notice to Respondent should be excused. *See* Fed. R. Civ. P. 65(b)(1)(A)–(B). According to the Bureau of Prisons' website, Mr. Marquez's projected release date is November 24, 2026. Even assuming, solely for the sake of argument, that the court has the authority to grant the requested relief, and further assuming that the BOP were to determine under 18 U.S.C. §§ 3621(b) and 3624(c)(6)(A) that Mr. Marquez is entitled to a twelve-month placement in an RRC, such placement would

not commence until, at the earliest, November 2025.[1]  Because the motion for a temporary restraining order fails scrutiny under Rule 65(b)(1), it is not necessary to analyze the *Parker* elements.[2]

Additionally, although the court does not base its ruling of this purported fact, the BOP's website indicates that it rescinded the March 31, 2025 memorandum on April 10, 2025.  As a result, the "BOP will not proceed with the planned changes to limit SCA placement to 60 days."  BOP Second Chance Act Placements, *Previous Guidance Rescinded*, https://www.bop.gov/news/20250410-second-chance-act-sca-placements.jsp (last visited Apr. 23, 2025).

Based on the foregoing, it is ORDERED as follows:

(1)    The motion for a temporary restraining order (Doc. # 2) is DENIED;

(2)    The § 2241 petition (Doc. # 1) is CONSTRUED as containing a motion for a preliminary injunction; and

(3)    Respondent, through the United States Attorney for the Middle District of Alabama, is DIRECTED to file a response to the motion for a preliminary injunction **on or before May 8, 2025**, but no waiver of service is inferred simply because the Respondent is being ordered to respond.

---

[1] Mr. Marquez contends that he is participating in an RDAP; however, he does not expect to complete the program until "the coming months."  (Doc. # 1 at 2.)

[2] This Order expresses no opinion on the merits of Mr. Marquez's claims or his argument that he is not required to exhaust administrative remedies.

5

The Clerk of Court is DIRECTED to provide a copy of this Order to Mr. Marquez and a copy of this Order, the petition (Doc. # 1), and motion (Doc. # 2) to the United States Attorney for the Middle District of Alabama.

DONE this 24th day of April, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE